IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CAROL A. STENSVAD, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3215 |
| | ) | |
| V. | ) | |
| | ) | |
| MID-PLAINS COMMUNITY | ) | ORDER ON MOTION TO COMPEL |
| COLLEGE AREA, a Political | ) | AND PROTECTIVE ORDER |
| Subdivision of the State of Nebraska, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On March 29, 2011, Plaintiff filed a motion to compel production of documents (filing 14). In response to this filing, Defendant filed a motion for a protective order (filing 18). By order dated May 9, 2011, the court ruled that the motion to compel filed by Plaintiff should be granted, in part, and denied, in part. (Filing 23.) As part of this ruling, given the pendency of Defendant's motion for a protective order, the court directed Defendant to submit a proposed protective order conforming with the court's ruling on Plaintiff's motion to compel. (*Id.*) Defendant complied with the court's directive and submitted a proposed order on May 13, 2011. Upon receipt and review of Defendant's proposed protective order,

**IT IS HEREBY ORDERED:**

1. Defendant's motion for protective order (filing 18) is granted, in part, and denied, in part.

2. The eighty-eight emails identified on Defendant's privilege log (filing 20-1, at CM/ECF pp. 7-15), which are dated on or later than July 23, 2009, and are either authored by David Pederson ("Pederson") or include Pederson as a recipient, are attorney-client privileged and not subject to discovery. Accordingly, neither Plaintiff, nor Plaintiff's counsel, may inquire about the

contents of these e-mails or the confidential communications they contain during discovery or in any other form.

3. The remaining thirty emails identified on Defendant's privilege log, which the court ruled in its May 9, 2011 order are neither attorney-client privileged, nor work product privileged documents, must be produced. However, the thirty emails to be produced to Plaintiff shall only be used for purposes of this litigation and may not be used for any purpose or disclosed in any manner outside the reasonable conduct of this case, unless they are offered at trial or in open court. The thirty identified emails shall not be disclosed to anyone other than the court, the parties hereto, their attorneys of record in this litigation and their employees who are assisting such attorneys in this litigation, any in-house counsel, court reporters who record depositions or other testimony, witnesses, deponents, consultants and/or experts.

**DATED May 16, 2011.**

                                    **BY THE COURT:**

                                    **S/ F.A. Gossett**
                                    **United States Magistrate Judge**